JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUMENTHAL DISTRIBUTING, INC. dba OFFICE STAR, a California corporation,<br><br>   Plaintiff,<br><br>   vs.<br><br>COMOCH INC., a California corporation, NANJING TIMES TECHNOLOGY CO., LTD., a China limited company, ZHEJIANG BOTAI FURNITURE CO., LTD., a China Limited Company,<br><br>   Defendants. | Case No. 5:21-cv-00829-FWS-SHK<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

120121614.1

On September 29, 2022, the court took the Motion for Default Judgment (Dkt. 51) ("Motion") filed by Plaintiff Blumenthal Distributing, Inc. ("Plaintiff") under submission. (Dkt. 59.) After full consideration of the papers, evidence, and authorities submitted by Plaintiff, as well as any other relevant information in the court's files and/or filed with the court in connection with the Motion, the court issued an Order **GRANTING** default judgment for Plaintiff on all causes of action and claims asserted against Defendants Comoch Inc., Nanjing Times Technology Co., Ltd., and Zhejiang Botai Furniture Co., Ltd. ("Defendants") in the above-captioned case on January 24, 2023 (the "Order"). (Dkt. 62.) The court has considered the record, including the Order (Dkt. 62) and Plaintiff's Proposed Judgment (Dkt. 63). In accordance with the Order (Dkt. 62):

1. Final Judgment is entered in favor of Plaintiff and against Defendants on all claims asserted by Plaintiff against Defendants.
2. Plaintiff is awarded the following relief:
    a. $1,247,072.75 in restitution pursuant to 15 U.S.C. § 1117(a)
    b. $28,541.46 in attorneys' fees pursuant to L. R. 55-3
    c. $5,836.11 in litigation costs
3. Plaintiff is further awarded a permanent injunction against Defendants according to the following terms, such that Defendants shall:
    a. Permanently cease using and refrain from adopting for any product or service, or in any marketing material:
        i. any trademarks containing the words STAR and SPACE
        ii. any marks confusingly similar to Office Star's Marks
        iii. the STARSPACE and Design Mark
        iv. the unstylized STARSPACE Mark
        v. the subject mark of the '090 Registration

   vi. the subject mark of the '613 Registration

 b. Recall and destroy any marketing material, letterhead, business cards, signs, banners, clothing, or other media, whether physical or digital, bearing the trademarks identified in the Order (Dkt. 62)

 c. Change any username, under their control, for all social media and email accounts to one that does not contain the phrase STARSPACE or any marks confusingly similar to Plaintiff's Marks.

 d. Be restrained and enjoined from telling any customer, vendor, distributor or other person or business that they are in any way related to or affiliated with Office Star.

**IT IS SO ORDERED.**

Dated: February 9, 2023

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE

120121614.1